THE CHATTAHOOCHEE BRICK COMPANY *v.* BRASWELL.

1. In the trial of an action for physical injuries against two defendants as joint tort-feasors, an instruction by the court that there was no evidence warranting a finding against one of them wrought no injury to the other, it appearing from the record that the defendant discharged by the instruction of the court would not be liable to contribution in favor of the one against whom the verdict was rendered.

2. The rule forbidding a recovery from his master by a servant who subjects himself to injury by going without objection into a place known by him to be dangerous, is not applicable to a convict whose movements are controlled and directed by a guard or boss

having and exercising the power of compelling the convict to obey his orders.

3. The plaintiff, a convict, having been leased by the State to a penitentiary company, and that company having hired him, with other convicts, to another corporation engaged in the work of constructing a railroad, and he having been put to work under the control of a guard employed and paid by the latter corporation, and being required to obey the orders of such guard, this corporation is liable to the plaintiff for injuries received in consequence of his having gone, under orders from the guard, into a place where a dangerous explosive was being used, although all the convicts so hired may have been under the general charge of a " captain" appointed by the governor. This is true whether it was, or was not, lawful for such convicts to be placed under the control and management of the guard.

4. The evidence was conflicting, but taking as true the version of it most favorable to the plaintiff, the verdict was warranted, and there was no error in denying a new trial.
October 30, 1893.

Action for damages.   Before Judge VAN EPPS.   City court of .Atlanta.   March term, 1893.

ELLIS & GRAY, for plaintiff in error.
BROYLES & SON, *contra*.

LUMPKIN, Justice.

1. The plaintiff brought an action for personal injuries against the Chattahoochee Brick Company and Georgia Penitentiary Company No. 2, as joint tort-feasors, which resulted in a verdict in his favor against the company first named.   One ground of the motion for a new trial is, that the court erred in charging as follows :  " There is no evidence warranting a finding against the Penitentiary Company No. 2, and I confine your attention to the case as developed in reference to the Chattahoochee Brick Company."   If it appeared from the evidence set forth in the record that the penitentiary company would be liable to contribution to the brick company, the complaint as to the charge quoted might be meritorious ; but under the undisputed facts of this case, it is clear that there is no such liability on the part of

the penitentiary company. It did not cause, and was in no way connected with or responsible for, the injuries sustained by the plaintiff; indeed, was guilty of no wrong whatever, unless the hiring by it of the plaintiff, along with other convicts, to the brick company, was an unlawful act. It is not necessary to decide whether this hiring was lawful or not, and we do not wish to be understood as making any ruling upon this question. If it was lawful, then the penitentiary company had nothing whatever to do with the infliction of the injuries upon the plaintiff, and, most clearly, is not, and could not be in any view, liable to the brick company. Even if it was unlawful, still there was no liability by the former to the latter company, because the evidence shows conclusively that, as between themselves, there was no fault or blame attaching to the penitentiary company. While, under certain circumstances, possibly in this very case, both may have been liable to the plaintiff, the corporation which committed the tort and was, so far as the other was concerned, exclusively responsible for it, would not, upon paying the damages, have any right to exact contribution from that other. At common law, joint trespassers were not liable for contribution to each other. This rule was changed by our code. See sections 3075, 3076. It must be remembered, however, that in making joint trespassers liable for contribution, the principle of contribution as stated in section 3132 of the code (though that section is not expressly applicable to suits founded on torts), is to be observed. That principle is, that where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others; but where, as among themselves, one should bear a less portion of the burden than the others, he should be subjected to no more than his fair share; and where, as to his codefendants, one should bear no por-

tion of the burden at all, he should, as to them, contribute nothing. This being so, discharging the penitentiary company was not a matter of which the brick company had any right to complain; and the charge excepted to, therefore, resulted in no injury to the brick company, and is no cause for a new trial.

2. Counsel for the plaintiff in error sought to apply to this case the well-settled rule of law that a servant who voluntarily, and without objection, goes into a place which he knows to be dangerous, cannot hold his master liable for injuries to himself thus sustained. This rule, in our opinion, has no bearing upon a case like the one now under consideration. The plaintiff was a convict, and according to the evidence, his movements were absolutely controlled and directed by a guard, or "boss," whose orders he was compelled to obey. This guard had and exercised over him the most complete dominion and authority. The plaintiff's position, so far as the power of the guard was concerned, was more that of a slave than a mere servant, and it is apparent that he dared not disobey any of the guard's commands. According to the evidence introduced in the plaintiff's behalf, and which the jury evidently believed, he was forced by the guard to expose himself to the danger resulting from the explosion of the dynamite blast. The evidence for the defence was directly and emphatically to the contrary, but we are constrained to accept as correct the finding of the jury. Ordinarily, where a servant is ordered by his master to engage in a work, or go into a place, which the servant knows to be dangerous, the latter is not bound to obey the order, and if he does so with full knowledge of the impending peril, the master may not in law be liable for the consequences. In the present case, however, the plaintiff had no election. When the guard said go, he was obliged to go, and there is no hardship in compelling a

corporation of which the guard was an employee to compensate the plaintiff for injuries received because of his obedience to the guard's commands.

3. The record discloses that the convicts hired by Penitentiary Company No. 2 to the Chattahoochee Brick Company were under the general charge of a "captain" appointed by the governor, but it also discloses that these convicts, including the plaintiff, were put to work under the immediate control and supervision of another person who was employed and paid by the brick company, and that all the convicts were peremptorily required to obey the orders of this person. This being so, we can conceive of no reason in law or justice why this corporation should not be held liable to the plaintiff for injuries resulting directly from the unlawful conduct of its own employee in forcing the plaintiff to expose himself to mutilation from the dangerous explosive which was being used in the company's service. The mere presence of the "captain" at or near the scene of the calamity, even though he may in a sense have been a State official, certainly cannot relieve the brick company of responsibility for the tortious and wrongful conduct of its own servant. It is entirely immaterial whether it was or was not lawful for these convicts to be thus placed under the control and management of the brick company and its bosses. This company surely will not be heard to say that, although it injured the plaintiff through the grossly improper conduct of its own employee, it is not liable because it was unlawful to put the plaintiff under this employee's control. To do this would be to allow the company to avail itself of its own misconduct in doing one wrong in order to shield itself from the consequences of another wrong still more grievous and unlawful.

4. As already intimated, the evidence was conflicting. If the jury had believed the testimony of the defend-

ant's witnesses, they could not properly have found for the plaintiff; but if they accepted as the truth of the transaction what was sworn to by the plaintiff and his witnesses, the verdict was well supported. It is not the province of this court to settle disputed issues of fact. The trial judge approved of the verdict, and we will allow it to stand.          *Judgment affirmed.*