WILLIAMS, administrator, *et al. v.* MERRITT.

1. The fact that one in whose favor a judgment has been obtained is a minor does not prevent the dormancy statute from running against such judgment.

2. If a judgment in favor of a minor becomes dormant during his minority, he is entitled to bring an action upon the same at any time within three years after his legal disability is removed.

3. Where a judgment obtained by several persons, some of whom are minors, is not divided into separate parts in favor of the respective plaintiffs therein, but is for one entire sum in favor of all of them, if it becomes dormant, the time prescribed by law within which suit may be brought upon a dormant judgment does not begin to run against any of them until the disability of each of such minors has ceased to exist.

Argued October 13, — Decided November 4, 1899.

Action on judgment. Before Judge Hart. Greene superior court. August term, 1899.

*Samuel H. Sibley,* for plaintiffs.
*Park & Merritt,* for defendant.

FISH, J. 1. In this case the judge below sustained a demurrer to the plaintiffs' petition and dismissed the same; and to this ruling they excepted. The suit, which was filed January 24, 1898, was upon a judgment obtained in the court of ordinary of Greene county, on December 9, 1878. The ground of the demurrer was, that it appeared from the petition that the plaintiff's right of action on the judgment was "barred by the statute of limitation in such cases made and provided." At the time that this judgment was rendered, two of the parties in whose favor it was rendered, Alice and Antoinette Merritt, were minors. When the present suit was brought, Alice Merritt was twenty-four years old, and Antoinette Merritt was still a minor. Execution was issued upon this judgment on March 28, 1879, but there is nothing in the plaintiffs' petition which shows that any entry was ever made upon the fi. fa. Presumably, therefore, the judgment became dormant in March, 1886, unless, as contended by the plaintiffs in error, the dormancy statute did not run against it, by reason of the minority of some of the plaintiffs. It is contended by the plaintiffs that the dormancy statute did not begin to run against Alice Mer-

ritt until she attained her majority, and had not run at all against Antoinette Merritt when the present suit was instituted. The plaintiffs further contend that the minority of any one of the several plaintiffs in whose favor this judgment was rendered prevented the statute from running against any of the plaintiffs. To support these contentions, sections 3779 and 3784 of the Civil Code are cited. The former section provides that "Infants, idiots or insane persons, or persons imprisoned, who are such when the cause of action accrues, shall be entitled to the same time, after the disability is removed, to bring an action, as is prescribed in this Code for other persons." The latter section provides that, "If there is a joint right of action, and some of the persons having such right are under any of the foregoing disabilities, the terms mentioned herein shall not be computed against such joint action, until all the disabilities are removed, but if the action might be severed, and each sue for his own share, those free from disability shall be barred, and the rights of those only protected who are under such disability." If both of these contentions of the plaintiffs are sound, it is apparent that they are suing upon an old judgment, in order to obtain a new one, when the old judgment has never become dormant, but still subsists in all of its original force. There would, therefore, be no necessity to revive it, or to sue upon it. In our opinion, however, this judgment is dormant. Our law in reference to the dormancy of judgments is as follows: "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket, or when execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued, of the last entry upon the execution made by an officer authorized to execute and return the same. Such judgments may be revived by scire facias or be sued on within three years from the time they became dormant." Civil Code, § 3761.

It will be observed that there is no exception here in favor of a minor who has obtained a judgment. Unless there is elsewhere in our law some provision which exempts minors·

from the operation of this section of the code, it is very evident that a judgment in favor of an infant will become dormant under the same circumstances that would render dormant one in favor of a person sui juris. We know of no such provision. As already stated, it is contended that under the provisions of section 3779 of the Civil Code a judgment rendered in favor of an infant can not become dormant until seven years have elapsed after he has attained his majority. As we have seen, this section provides that persons who are infants when the cause of action accrues "shall be entitled to the same time, after the disability is removed, to bring an action, as is prescribed in this Code for other persons." Under this section, the statute of limitations with reference to the bringing of suits does not run against a minor. If a cause of action accrues to him, he can wait until he becomes of age and bring a suit thereon at any time thereafter within the statute of limitations. But if after his cause of action has accrued he brings a suit upon it and obtains a judgment, there is nothing in the language of this section which gives him the right to wait until he has attained his majority before taking any steps toward enforcing such judgment, or keeping its lien alive. When he has sued upon the cause of action which has accrued to him, he has already brought the action which the law says he is not compelled to bring during his minority; and if he persists in the suit until he has obtained a judgment, the cause of action which accrued to him is extinguished by the judgment. "To bring an action" implies the institution of a suit—the taking of the initial step, or steps, toward beginning a proceeding in a court—not an effort to enforce a judgment already in existence and which is the result of an action which has already been brought. We have never heard the issuing of a fi. fa. upon a judgment, the recording of the fi. fa. upon the execution docket, the act of the proper officer in making an official entry upon it, nor all of these things combined, called "bringing an action." These things follow and result from an action previously brought, in which a judgment has been obtained. While, in a general sense, perhaps, proceedings after judgment, for the purpose of enforcing it, or preserving its lien, may be

considered as a continuance of an action already brought, they can not be considered as the bringing of an action. Therefore, the law which gives to a minor to whom a cause of action accrues the same time after his disability is removed "to bring an action, as is prescribed in this Code for other persons," does not have the effect of suspending, during his minority, the running of the dormancy law against a judgment in his favor. When a cause of action accrues to him, he is not bound to institute a suit upon it during his minority, but if he brings a suit and persists in it until he has obtained a judgment, his judgment becomes at once subject to the operation of the law in reference to dormancy.

2. When a judgment is obtained the precedent cause of action is merged into and extinguished by the judgment. 2 Black on Judg. §§ 674, 675, 677; Freeman on Judg. §§ 215, 216. The judgment is a debt of record, a new cause of action, upon which a new suit may be maintained. Whether a suit may be brought, in this State, upon a judgment before it becomes dormant, it is unnecessary to determine. In the great majority of other jurisdictions in which the question has been decided, it has been held that an action upon a judgment may be brought at any time after its rendition. As we have seen, in this State it is expressly provided by statute that such a suit may be brought within three years after the judgment has become dormant. Certainly, therefore, within this period after dormancy, a judgment is a cause of action. Whether the new cause of action arises when the judgment is obtained or only comes into existence when the judgment becomes dormant, is, as above indicated, immaterial in the present case. In either event, the cause of action accrued while Alice and Antoinette Merritt, two of the parties in whose favor the judgment was rendered, were minors, and Antoinette Merritt had not attained her majority when this suit was brought. Each of them was entitled to the same time, after the removal of her disability, in which to bring an action upon the judgment, as is prescribed for persons laboring under no disability. As persons sui juris are entitled to bring an action upon a judgment at any time within three years after it becomes dormant, each of

these minors had three years after her disability ceased to exist in which to sue upon the judgment. Clearly, so far as Antoinette Merritt is concerned, the right to bring this action was not barred, as she was still a minor when it was instituted.

3. The judgment sued upon is for one entire sum in favor of all the plaintiffs therein. Their interests in the judgment are not separated. Their rights in the judgment are joint, not several. The judgment, as a basis for suit, is an entire cause of action; no several rights to sue upon it ever existed in either of the persons in whose favor it was rendered. Two of them being minors when the judgment was obtained, the term of three years after dormancy, prescribed by the statute, within which the plaintiffs could bring an action upon the judgment, could not be computed against such joint right of action until the disability of each of these minors was removed. One of them being still a minor when the present suit was instituted, it is clear that the right to sue upon the judgment was not barred as to any of the plaintiffs under section 3784 of the Civil Code. It follows, therefore, that the court erred in sustaining the demurrer to plaintiffs' petition.

*Judgment reversed. All the Justices concurring, except Lewis, J., who was disqualified.*