9654.  CENTRAL OF GEORGIA RAILWAY COMPANY v.
MACON RAILWAY & LIGHT COMPANY.

Under the decision of this court in a former action between the parties to
this case, in which a judgment of nonsuit was affirmed (9 *Ga. App.*
628, 71 S. E. 1076), the award of a nonsuit on the trial now under
review was not error, the cases on each trial being in all material
respects substantially the same, both in the petitions and in the evi-
dence.

DECIDED FEBRUARY 27, 1919.

Action for damages; from Bibb superior court—Judge Mathews.
February 26, 1918.

*R. C. Jordan,* for plaintiff.

*John R. L. Smith, Hatcher & Smith,* for defendant.

BROYLES, P. J.   In a former action between the parties to this
case, in which the cause of action alleged was the same as in the
action now under consideration, this court affirmed a judgment of
nonsuit.  *Central of Georgia Ry. Co.* v. *Macon Railway & Light
Co.,* 9 *Ga. App.* 628 (71 S. E. 1073).  That decision became the
law of the case, so far as concerned the case laid and the case made
upon the trial then under review. Upon the trial now under review
a nonsuit was again awarded.  If the petition and the evidence upon
the latter trial were in all material respects substantially the same
as the petition and the evidence on the former trial, a
judgment of nonsuit was the only legal one possible.  We have care-
fully compared the two petitions and the evidence adduced upon
both trials.  We find that upon the first trial the evidence was
stronger in favor of a recovery by the plaintiff than it was upon the
last trial.  As to the two petitions, both charged the defendant not
only with negative negligence, but with positive acts of negligence,
and the petitions are substantially the same in all material respects,
except that the last petition contains an additional allegation of
an act of positive negligence by the defendant which was not in the
first petition.  This does not help the plaintiff, however, or change
the relative circumstances between the two petitions and the evi-
dence adduced in their support, since the evidence upon the last
trial failed to sustain this averment of the petition.  On the con-
trary the evidence clearly showed that when the electric apparatus
was installed it was in a safe condition, and that the damage was
not the result of any positive act of negligence on the part of the
defendant, but resulted from the passive joint negligence of both

the defendant and the plaintiff in failing to properly inspect the apparatus and to maintain it in a safe condition.

This ruling is not in conflict with the decision of the Supreme Court in this case (*Central of Georgia Ry. Co.* v. *Macon Ry. & Light Co.*, 140 Ga. 309 78 S. E. 931). That decision held, in substance, that although, "as a general rule, one of two or more joint tort-feasors has no right of action over against those connected with him in the tort, for either contribution or indemnity, where he alone has been compelled to satisfy the damages resulting from the tort," yet the facts alleged in the petition were sufficient to show an exception to the general rule, viz., that "in some cases one who is liable as a tort-feasor because he has failed to exercise due diligence to discover a defect or danger in machinery, appliances, or places where the injured person is required to work, and has been compelled to pay damages for injuries growing out of the tort, may have a right to recover over against another whose negligence produced or brought about the defect or dangerous condition in the machinery, appliances or place, which defect was the proximate cause of the injury." In other words, the Supreme Court held merely that the facts as alleged in the petition made a case within the exception to the general rule. Upon the last trial, however, the evidence failed to sustain these allegations of fact in the petition, but, on the contrary, showed a case within the general rule. In our opinion the judgment of nonsuit was proper.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*