SOUTHERN RAILWAY COMPANY *v.* CITY OF ROME.

No. 9986.  September 17, 1934.  Rehearing denied September 28, 1934.

*Maddox, Matthews & Owens,* for plaintiff.

*Wright & Covington* and *W. B. Mebane,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) The Southern Railway Company, having paid Mrs. Autry in full, seeks by means of this action to compel the joint defendant in fi. fa., the City of Rome, to pay its aliquot part of their joint liability as evidenced by the execution. It would seem, upon principles of natural justice and equity, that as Mrs. Autry's original action was against the defendants jointly, and since her recovery imposed equal liability on each of the defendants to her suit, the demand by the railway company is not ill founded. However, the city contends that the equitable doctrine of contribution has no application in this case, because the city and the railway company were joint tort-feasors. The city contends that the common law upon this subject is still of force in Georgia; and that as contribution among joint tort-feasors was not permitted by the rules of the common law, the petition in this case presents no cause of action. The prime question which confronts us is whether a codefendant in a judgment whose liability has been fixed by verdict, either specifically, as provided by the Civil Code, § 4512, or generally, depending upon the number of codefendants (§ 4588), shall be debarred of all right of contribution because he was a joint tort-feasor. This question was not answered in *Autry* v. *Southern Railway Co.,* 167 *Ga.* 136 (supra) for the sufficient reason, as stated by Mr. Justice Hines, that it was premature, it appearing from the record that the railway company had at that time paid out nothing. It was apparent that the plaintiff could not ask to be reimbursed in any amount, when it had paid nothing. Subsequently, on November 13, 1928, the railway company paid Mrs. Autry, in full, the amount specified in the receipt.

So the question is now squarely presented whether the plaintiff, by paying off the joint fi. fa. and having the fi. fa. transferred to itself, discharged the obligation of its codefendant, the city, and released it from liability on the judgment, for the sole reason that, although the city was a codefendant, the original action was ex delicto and not ex contractu. At common law, the right of contribution is denied in actions ex delicto. Is that feature of the

common law still a part of the laws of Georgia? It must be remembered that in the act of February 25, 1784 (Cobb's Dig. 721), adopting the laws of force in England on May 14, 1776, there was a provision in the adopting act that the laws of the mother country were to be enforced only "until the same shall be repealed, amended, or otherwise altered by the legislature." The Civil Code (1910), § 4588, draws no distinction between actions ex contractu and actions ex delicto. It is as follows: "In cases of joint, or of joint and several, or of several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction." The permission to have contribution "where all are equally bound to bear the common burden, and one has paid more than his share," is absolutely unrestricted. This certainly effects such a change in the common law denying contribution to a joint tort-feasor as is incompatible with its further existence in this case. This was recognized in *Chattahoochee Brick Co.* v. *Braswell, 92 Ga.* 631, 633 (18 S. E. 1015), an action against joint tort-feasors, where the court said: "It must be remembered, however, that in making joint trespassers liable for contribution, the principle of contribution as stated in section 3132 of the Code [of 1882; 1910, § 3588] (though that section is not expressly applicable to suits founded on torts) is to be observed. That principle is, that where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others." It was said in *Mashburn* v. *Dannenberg Co., 117 Ga.* 567, 582 (44 S. E. 97), referring to what are now §§ 4512 and 4513 of the Code of 1910: "The sections certainly provide for contribution among joint trespassers against whom a judgment has been entered, and to this extent change the common law, . . and it is clear that they provide for the right of contribution only among those who are sued and against whom judgment has been rendered. . . The right of contribution among joint tort-feasors is absolutely dependent upon the right of election which the law gives the plaintiff. It exists among those whom he elects to sue jointly, and does not exist as to those whom he fails to join as defendants to the suit. . . The plaintiff having exercised its right not to sue the

bank, or, what is the same thing in effect, having determined not to hold it liable after it was sued, the defendants against whom judgment was rendered can not complain because the consequence of this election deprived them of a right which they would have had if the plaintiff had seen fit to elect to hold the bank liable in the suit." That decision clearly pointed out that where a plaintiff elects to sue two or more joint tort-feasors, and a joint verdict and judgment are rendered against them, the code makes provision for contribution, but that no such right exists as against a joint tort-feasor who is not a party to the suit and against whom no judgment is taken. It distinctly recognized that a joint verdict and judgment fixes a joint liability as between the defendants to bear the common burden, and the basis of the right of contribution is this joint liability to bear the common burden.

The cases of *W. & A. R. Co.* v. *Atlanta*, 74 *Ga.* 774, *Schneider* v. *Augusta*, 118 *Ga.* 610 (45 S. E. 459), and *Central of Ga. Ry. Co.* v. *Macon Railway & Light Co.*, 140 *Ga.* 309 (78 S. E. 931), did not involve the doctrine of contribution. No joint verdict or judgment had been rendered against the alleged joint tort-feasors fixing joint liability and making them "equally bound to bear the common burden." In *W. & A. R. Co.* v. *Atlanta*, Montgomery recovered judgment, and the City of Atlanta brought suit against the railroad company to recover the amount paid, claiming that the negligence of the railroad company was the cause of Montgomery's injuries, and that the railroad company was liable over to the city for the full amount of the judgment. In the *Schneider* case, Mrs. Sherwood recovered a judgment against the city for personal injuries received by falling through a defect in a sidewalk. Schneider was not a defendant, but was vouched into court by the city. After paying the judgment the City of Augusta sued Schneider as an abutting-property owner who placed the grating in the sidewalk through which Mrs. Sherwood fell and was injured. This was not really a suit for contribution, but a contention that the property owner was liable over to the city on account of his negligence. In the *Central of Ga. Ry. Co.* case, after recovery by Minor (2 *Ga. App.* 804, 59 S. E. 81), the Central Railway Company paid the judgment, and then sued the Macon Railway & Light Company for the amount it had been compelled to pay. This was not a suit for contribution, but an action for indemnity for the full amount of

the judgment. No joint judgment was involved. This case was also before the Court of Appeals. 9 *Ga. App.* 628 (71 S. E. 1076) ; 23 *Ga. App.* 483 (98 S. E. 406). However, no question as to contribution was raised, but full indemnity was sued for and was denied, because, in the opinion of the Court of Appeals, negligence on the part of both the Central and Macon companies was shown. It was upon this basis that recovery of full indemnity was denied.

While the Southern Railway Company may not have done exactly what was suggested, and in the manner and form of the suggestion contained in 167 *Ga.* 136 (supra), upon the point which we are now considering, that is, whether the common-law rule as to joint tort-feasors has been changed by the law of Georgia, we are of the opinion that the Civil Code, § 5971, recognizes no distinction. Section 5971 effected a change antagonistic to the doctrine of the common law which exempts joint tort-feasors from liability. It declares that "When judgments have been obtained against several persons, and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa control the same against principals or cosecurities, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment." Certain it is that § 5971 gave the Southern Railway Company "full power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosecurities," and that as against the demurrer on the ground that "under the allegation of said petition plaintiff was a joint tort-feasor with defendant, and under the law plaintiff would not be entitled to a recovery of any sum from defendant," the petition was immune from attack. It can not be said that the Southern Railway Company, having acquired control of said fi. fa. and the right to use the same "as securities in fi. fa. control the same against principals or cosecurities," did not have the right of contribution under section 4588, which declares that if an action at law will not give a complete remedy, equity may entertain jurisdiction, where two or more persons are equally bound to bear the common burden and one has paid more than his share. As further illustrative of the point before us: Section 3561 provides: "All the foregoing provisions shall apply to cases where there are more than one surety, so as to en-

able a surety discharging a joint debt, in whole or in part, either pending the action or after joint or several judgments, to control the same against his cosureties for the purpose of compelling them to contribute their respective shares of the amount so paid by him." Section 3564 is as follows: "Where several are sureties for the same principal, for the same sum of money, either by one or by distinct instruments, and one pays more than an equal share of the sum, he may compel contribution from his cosureties. If one of the cosureties be insolvent, the deficiency in his share must be borne equally by the solvent sureties." From the foregoing sections it will be seen that when the Southern Railway Company paid off this joint judgment and had the payment by it entered on the fi. fa., as provided in § 5971, its status with respect to enforcing the fi. fa. was the same as existed between coprincipals or cosecurities.

However, as has already been pointed out, the provision of § 4588 that "In cases of joint, or of joint and several, or of several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others," in our opinion obliterates the common-law doctrine upon which the Court of Appeals based its learned and elaborate opinion. Having reached this opinion directly for the reasons thus far stated, it is unnecessary to consider section 4218 of the Code of 1910, or the rulings in Howell v. Shands, 35 Ga. 66, Williams v. Merritt, 109 Ga. 213, 216 (34 S. E. 312), and Underwood v. Underwood, 139 Ga. 241 (77 S. E. 46, L. R. A. 1918A, 1), to the effect that a judgment is a contract of record, and when a judgment is obtained the precedent cause of action merges into and is extinguished by the judgment and becomes a new cause of action upon which a new suit may be maintained; though the law embraced in these citations seems to reinforce the views we have expressed, and perhaps supplied the reason for changing the common-law rule as to tortfeasors. We shall only briefly refer to the synonymity in the words "tort" and "trespass" as contained in § 4503 of the Code of 1910, or to the cases of McCalla v. Shaw, 72 Ga. 458, and Hunter v. Wakefield, 97 Ga. 543 (25 S. E. 347, 54 Am. St. R. 438), where the question of contribution was not under consideration, though from these it will be seen that in this State "tort" and "trespass"

are treated as interchangeable terms. Undoubtedly, a conductor of a railway passenger-train who, while engaged in the company's business and in the conduct thereof, makes an unjustifiable assault upon a passenger, is a tort-feasor; and yet in *Central of Georgia Railway Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250), this court held that "A master is liable for the willful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them," and that "A railroad company is liable as a trespasser to a passenger for an unjustifiable assault made upon him by the conductor of the train." It thus plainly appears that the word "trespasser" was used as interchangeable with "tort-feasor." In this case the court, while passing upon the question of jurisdiction and in determining whether a person sued as a joint tort-feasor was subject to the jurisdiction of the superior court of Bibb County, held "that in a case like the present the corporation is liable in trespass for the willful tort of its servant done in and about the master's business and in the course of the servant's employment." In *Cox* v. *Strickland,* 120 *Ga.* 104, 107 (47 S. E. 912, 1 Ann. Cas. 870), Mr. Justice Lamar said: "While the word 'trespass' generally involves the idea of force, yet in its broadest sense it comprehends any misfeasance, transgression, or offense which damages another's person, health, reputation, or property." He cited approvingly San Antonio *v.* Graves (Tex.), 49 S. W. 1103, where in a suit against two defendants, the court treated the word "trespass" as equivalent to "tort," and "joint trespassers" as equivalent to "joint tortfeasors." He also approved a New Jersey decision in which the word "trespass" was used synonymously with "tort;" and this court adopted the ruling of the Texas court that the word trespass "comprehends not only forcible wrongs, where the damages were direct and immediate, but also acts the consequence of which made them tortious." See also *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191). We are content to place our ruling in this case upon the broad principle of section 4588, that "where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others." This was clearly recognized in *Chattahoochee Brick Co.* v. *Braswell,* supra.

*Judgment reversed. All the Justices concur.*