GABRIEL GARCÍA MOLINA, Plaintiff and Appellee, v. GOVERNMENT OF THE CAPITAL ET AL., ETC., Defendants and Third-party Plaintiffs and Appellants; RICARDO QUINTERO ET AL., Third-party Defendants and Appellees.

No. 10340.   Argued January 10, 1951.—Decided February 7, 1951.

*Córdova & González* and *Alberto Picó* for appellants. *Orlando J. Antonsanti* and *René Benítez* for third-party defendants and appellees. *Santiago Polanco Abréu* and *Ernesto Juan Fonfrías* for plaintiff and appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

For the second time this case comes to this Court and, as before, presents for our consideration only questions of law. It has not yet been heard on the merits. As may be remembered, on June 23, 1947 Gabriel García Molina brought an action for damages against the Government of the Capital and the Porto Rican & American Insurance Co., Inc. He alleged in brief that on or about June 28, 1946 the Government of the Capital owned a motor vehicle which it devoted to public cleaning, and that the other defendant was the insurer of the vehicle; that on said date and at approximately 9:30 p. m. the vehicle in question was parked across from the municipal crematory, on the right side of the road leading from Bayamón to San Juan, with all its lights turned out; that on said day and hour and as a Buick automobile owned by Ricardo Quintero, driven by Manuel Rodríguez, was coming from Bayamón towards San Juan he was dazzled by another car running in the opposite direction and upon taking to its right the former car collided with the rear of the aforesaid truck of the Government of the Capital, through no fault or negligence of Rodríguez; that at the time, the plaintiff worked in the Treasury Department and had chartered a seat as a passenger in the Buick automobile and that because of the negligence of the employee of the Government of the Capital he suffered the injuries described in the complaint and was hospitalized and seriously ill, his resulting incapacities being described; that as a result of said incapacities he lost his job and that the accident was due solely and exclusively to the fault, careless-

ness, gross imprudence, and negligence of the chauffeur of the Government of the Capital. It will be likewise recalled that the defendants answered denying the essential averments of the complaint and alleging, among other special defenses, that the proximate cause of the accident was the sole negligence of the driver of the Buick in which the plaintiff was travelling; that the defendants subsequently filed with leave of the court a third-party complaint against Ricardo Quintero and The Great American Indemnity Co., owner and insurer, respectively, of the Buick automobile, and that at the same time they requested that the complaint be dismissed as to them and sustained as to the third-party defendants; that the latter then moved for the dismissal of the third-party complaint on the ground, among others, that the plaintiff had released and discharged them by reason of the accident and had signed a receipt to that effect; that the lower court issued an order dismissing said third-party complaint and that the plaintiffs therein then asked that judgment be rendered in accordance with said order, and that after this was done they took an appeal to this Court; and that said appeal was the object of our opinion of July 21, 1949 in which, among other things, we stated that "since the third-party complaint does not contain any allegation of liability on the part of the third-party defendants to the third-party plaintiffs which might justify, under Rule 14(a), their being impleaded, we must conclude that the lower court acted correctly in dismissing the third-party complaint, since we can not lose sight of the fact that our Rule 14(a), as well as Federal Rule 14(a), being a rule of procedure, does not grant substantive rights to the litigants." *García* v. *Government of the Capital*, 70 P.R.R. 312, 319–20.

Upon receipt of the mandate by the lower court the defendants filed on August 4, 1949 an amended answer, a third-party complaint and a motion asking leave to file the latter. They alleged essentially in that complaint that the

aforesaid accident was due solely and exclusively to the negligence of Manuel Rodríguez, driver of the Buick automobile, and in the alternative, that assuming that they had been negligent, the accident was likewise due to the concurrent negligence of Ricardo Quintero through his agent Manuel Rodríguez, the Government of the Capital and Quintero being joint debtors in any judgment which might be entered and the defendants then being entitled to recover from the third-party defendants the corresponding share of the judgment rendered, it being further alleged therein that the Great American Indemnity Co. was the insurer of the aforesaid vehicle of Quintero. The third-party defendants filed a new motion to dismiss that complaint on the ground that: (1) the cause of action alleged therein had prescribed; (2) assuming that there existed any obligation on their part, the same had been extinguished by means of the $500 payment made by The Great American Indemnity Co. to plaintiff Gabriel García Molina, by virtue whereof the latter released and discharged the third-party defendants of any claim; (3) on July 21, 1949 this Supreme Court affirmed the judgment of the lower court dismissing the third-party complaint; and (4) the complaint does not state facts constituting a cause of action. The lower court then issued an order stating "that from the moment one of these (joint tortfeasors) compromises and compensates the injured party for the damages which he might have caused him, his liability has ended for all legal purposes, inasmuch as his obligation is indeterminate and contingent," and that it deemed "that in order for the right of contribution to prevail in this jurisdiction it must be by express legislation as appears in the jurisdiction of Louisiana." It did not consider necessary to decide the other questions raised. The third-party plaintiffs then prayed for judgment, which was entered, and thereupon they took an appeal to this Court. They now hold that the lower court erred in dismissing the third-party complaint.

■■■ Does the right of contribution exist in Puerto Rico and does the complaint filed in this case state facts constituting a cause of action? We believe that this must be the first question to be decided. At present the right of contribution does not exist in the majority of the states of the Union governed by the Common Law, when the tort is due to the combined or concurrent negligence of two or more persons. That rule originated in the old English case of *Merryweather* v. *Nixan*, 8 Term Rep. 186, 101 Eng. Rep. 1337, decided by the King's Bench in the year 1799. Said case has been, however, so severely criticized, in England as well as in the American continent, that at present it might be said that said principle, far from being the rule, is the exception. Even in England it has been limited to those cases in which the tort has been caused by the wilful and voluntary action of two or more persons, the right to contribution being enforced when the tort is the result of their concurrent negligence. Although in the United States the majority of the jurisdictions still adheres to that principle, five States [1] and the District of Columbia, even without legislation, have modified it and reached the conclusion that the right to contribution should be enforced in cases of concurrent negligence. Other 15 States [2] have modified the principle by legislation and permitted the right of contribution. Moreover, The National Conference of Commissioners on Uniform State Laws and Proceedings and the American Law Institute have even drafted a bill entitled "Uniform Contribution Among Tortfeasors Act" under which the right of contribution is authorized among joint tortfeasors, and said bill has become a law in six of the 48 States and in the territory of Hawaii. [3] Handbook of the National Conference of Commissioners on Uniform

---

[1] Pennsylvania, Wisconsin, Minnesota, Louisiana, and Oregon. See Prosser on Torts, p. 1113.

[2] See *Knell* v. *Feltman*, 174 Fed. 2d 662, 666.

[3] See 8 A.L.R. 2d 196 and Uniform Laws Annotated, Vol. 9, 1950 Cumulative Annual Pocket Part, p. 32.

State Laws and Proceedings of the Forty-Ninth Annual Conference (1939), pp. 240, 243; Uniform Laws Annotated, Vol. 9, p. 161, as well as *Knell* v. *Feltman*, 174 Fed. 2d 662; *Underwriters at Lloyds* v. *Smith*, 208 N. W. 13; *Furbeck* v. *I. Gevurtz*, 79 Ore. 12, 143 Pac. 654, 922; *Ellis* v. *Chicago & N. W. Ry. Co.*, 167 N. W. 1048; *American Employers Insurance Co.* v. *Gulf States U. Co.*, 4 So. 2d 628; *De Cuers* v. *Crane Co.*, 40 So. 2d 61, 71; *Gray et al.* v. *Hartford Accident & Indemnity Co.*, 31 Fed. Supp. 299; Prosser on Torts (1941 Ed.) 1111; Restatement of the Law, Restitution (1937), pp. 385, 389; and Notes on Restatement of Restitution, pp. 112, 166; 11 A.L.R. 2d 230; 85 A.L.R. 1086, 1091; 13 Am. Jur. pp. 6, 37, 42, 44, 48, and 52; 54 Harvard L. R. 1170, 1184; 45 Harvard L. R. 369; 25 Cal. L. R. 413; 81 Univ. of Pa. L. R. 130; 45 Yale Law Journal 1528; 21 Cornell L. Q. 552; 4 Louisiana L. R. 451; 1 Louisiana L. R. 235; 9 Tulane L. R. 125.

In Puerto Rico there is no substantive statute whatsoever expressly enforcing the right of contribution among two or more joint tortfeasors. We have, however, Rule 14 (*a*) of the Rules of Civil Procedure which provides:

*"When Defendant May Bring in Third Party.*—Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the

third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

That, nevertheless, is a rule of procedural law and as we said in *Garcia* v. *Government of the Capital, supra,* at p. 320, it "does not grant substantive rights to the litigants." The right to contribution is a substantive right. 11 A.L.R. 2d, *supra.* It is therefore necessary to determine whether in this jurisdiction there is any provision of substantive law permitting contribution. We have repeatedly held that "when damages result from the combined negligence of several persons, such persons are jointly and severally liable to the person injured and an action may be maintained against one or all of the persons causing the damage." *Rivera* v. *Great Am. Indemnity Co.,* 70 P.R.R. 787 and cases cited at p. 789. On the other hand, § 1098 of our Civil Code, 1930 ed., provides that "The payment made by any of the joint debtors extinguishes the obligation," and that "The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced." Construing this latter provision of the Civil Code the lower court arrived at the conclusion that it was only applicable to cases *ex contractu* and not to cases *ex delicto.* We disagree. *Rivera* v. *Great Am. Indemnity Co., supra,* and the cases therein cited clearly show the contrary. See also *Shannon* v. *Massachusetts Bonding & Ins. Co.,* 62 Fed. Supp. 532, 539; *Gray* v. *Hartford Accident & Indemnity Co., supra,* at p. 303; 4 Louisiana L. R., *supra; Southern R. Co.* v. *Rowe,* 179 Ga. 449, 176 S. E. 7. Now, does the substantive right of contribution rise from the provisions of § 1098, *supra?* If that Section is taken separately, it does not, but if it is construed together with the

principle we have established to the effect that the judgment rendered against two or more joint tortfeasors is a joint judgment, it may clearly be concluded that the substantive right of contribution in cases like the one under our consideration exists in this Island. Although § 1098 above quoted mentions the payment made by any of the joint debtors, which seems to mean that in order to recover from another person or persons jointly under obligation, the payment, as a matter of fact, must have been made, such prerequisite is not necessary in cases like the present, since for the moment the only concern is to implead all those persons who by their concurrent negligence are or might be liable to third-party plaintiffs or to the plaintiff himself for all or part of the claim.[4]  The right to contribution does not accrue before payment.  *Associated Transport* v. *Bonoumo*, 62 Atl. 2d 281.

To permit other tortfeasors to be impleaded is highly advisable, inasmuch as then the rights of all interested parties can be examined in a single trial, and if it is determined that the tort was committed by the concurrent negligence of a defendant and of third-party defendants, then, if one of them pays the judgment in full or more than his share, the right to contribution obviously arises.  Therefore the third-party complaint filed by the defendants, in the terms it is now couched, states facts constituting a cause of action.[5]

▰▰▰ Having settled that the right to contribution exists in Puerto Rico, we shall proceed to decide the remaining questions raised in the motion to dismiss filed by the third-

---

[4] In France, as in Puerto Rico, the liability of joint tortfeasors is held solidary even in the absence of a statute on the subject. 4 La. L. R. 451, 454; *Shannon* v. *Massachusetts Bonding & Ins. Co.*, 62 Fed. Supp. 532, 539. The French commentators agree that the right to contribution among joint tortfeasors is a necessary consequence of the law which makes the liability of such persons a solidary liability. *Gray* v. *Hartford Accident & Indemnity Co.*, 31 Fed. Supp. 299, 302.

[5] The right to implead joint debtors in order to establish the right to contribution is not unknown in our Civil Law.  See for example § 1037 of the Civil Code, 1930 ed., which provides:

party defendants and argued in full by the third-party plaintiffs in their brief. The complaint against the latter was filed within one year from the date of the accident. Therefore it was timely filed. Section 1868, Civil Code, 1930 ed.[6] The accident occurred on June 28, 1946 and the third-party complaint before our consideration was not filed until August 4, 1949.[7] At first glance it had prescribed. However, the Civil Code itself provides in §§ 1094 and 1874, respectively, insofar as pertinent here, that "The actions instituted against any one of the joint debtors shall prejudice all of them" and that "Interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors." The original complaint against the third-party plaintiffs having been filed within one year, pursuant to the provisions we have just set forth, prescription against the third-party defendants had been interrupted and the third-party complaint was therefore timely filed.[8]

We have already indicated that the main ground on which the lower court overruled the motion to dismiss was the fact that the plaintiff had compromised with

"After the division has been made, the creditors may demand the payment of their debts in full of any of the heirs who may not have accepted the inheritance under the benefit of inventory, or up to the amount of their hereditary share in case they have accepted it under such benefit.

"In either case the defendant shall have a right to notify and summon his coheirs, unless, by disposition of the testator or by reason of the division, he alone should be bound to pay the debt."

See also 95 *Jurisprudencia Civil* 564, 573.

[6] Section 1868 of the Civil Code, 1930 ed., essentially provides: "The following prescribe in one year . . . . . . . 2.—Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof."

[7] The first third-party complaint was filed September 19, 1947. Thus it was also filed after the expiration of one year from the date of the accident.

[8] See 8 Manresa, *Código Civil Español* (1950 ed.), p. 435; *Op. cit.* volume 12, p. 818; *Gray et al.* v. *Hartford Accident & Indemnity Co.*, 36 Fed. Supp. 780, in which a question identical with the question involved here is discussed and in which a statute similar to ours is construed; and 149 A.L.R. 1186.

the third-party defendants for $500 whichever rights he
might have against them and that he released and dis-
charged them of any claim. The case law, however, is con-
trary to the conclusion of the lower court. The right to
contribution is based principally on equity inasmuch as it
is altogether unfair and contrary to equity that two or more
persons having caused the damage, the plaintiff be permit-
ted by reason of relationship, friendship, collusion, or be-
cause any of them promised to testify in his favor, or for
any other reason, to relieve them of liability for an inade-
quate sum and to direct his action exclusively against him or
them with whom he is not tied by bonds of relationship or
friendship, etc., who often are the richest. As stated in
*Gray* v. *Hartford Accident & Indemnity Co.*, 32 Fed. Supp.
335, 337, "The dominant logic of the case after all is that
no plaintiff has the right of election of a defendant to the
exclusion of other defendants in an accident case, where
there are, or may be, several parties at fault. The legal
relation is established in its substance at the moment of
the accident; parties thereafter, by technical pleading, may
not alter the substantive law." In Puerto Rico we have a
statutory provision which clearly covers the situation, to
wit, § 1099 of the Civil Code, 1930 ed., which literally copied
recites:

"The waiver or remission made by the creditor of the part
affecting one of the joint debtors does not release the latter
from his liability with regard to the codebtors in case the debt
should have been paid in full by any of them."

The release and discharge given by plaintiff García Mo-
lina in favor of the third-party defendants was but a waiver
or remission made by the creditor of the part affecting them.
Such waiver or remission was, of course, only of that part
which might affect said third-party defendants as joint
debtors and it did not relieve them of their liability to the
remaining debtors in the event that, after trial, the court

entered judgment declaring that the accident was due to the concurrent negligence of the Government of the Capital and Ricardo Quintero, and sentencing the latter to pay to the plaintiff a higher sum than the amount which served as the basis of said release and discharge, and such higher sum were paid by the third-party plaintiffs. See, besides, *Méndez* v. *Torres*, 56 P.R.R. 70, 73, 75, and Manresa, *Código Civil Español*, Tome 8, Vol. I, 1950 ed., pp. 454 *et seq.* *Cf.* Restatement of the Law, Torts, 463, § 885 (1939); *Gray* v. *Hartford Accident & Indemnity Company*, 32 Fed. Supp. 335; 8 A.L.R. 2d 196; 168 A.L.R. 610; 85 A.L.R. 1095; 25 Cal. L. R. 423; Handbook of The National Conference of Commissioners, *supra*, § 5. Therefore, the lower court erred in issuing the order in the manner it did. Such error is reversible.

The plea of res judicata does not lie here. True, this Court by virtue of its judgment of July 21, 1949 affirmed the judgment of the lower court in connection with the third-party complaint which alleged exclusive negligence on the part of the third-party defendants. However, in our aforesaid opinion we clearly stated that under Rule 14 (*a*) a third-party complaint may be filed when the allegation of liability of the third-party defendant is made in the alternative. The complaint subsequently filed by the third-party plaintiffs was precisely an alternative complaint. Since the motion to dismiss filed in this case by the third-party defendants had the effect and scope of a demurrer, the plea of res judicata did not lie. *Onna* v. *The Texas Co.*, 64 P.R.R. 497, 499 and *Aguilera* v. *Pérez*, 51 P.R.R. 1, 6, in which we said that "A judgment sustaining a demurrer for want of facts sufficient to constitute a cause of action does not support the defense of res judicata as against a complaint in which a defect has been cured by supplying an essential allegation omitted from a former complaint." That was precisely what happened in the case at bar. See also *Meléndez* v. *Cividanes*, 63 P.R.R. 4, 11; *Muñoz* v.

*Pardo*, 68 P.R.R. 569, 572; *Pucheu* v. *National Surety Corporation*, 87 Fed. Supp. 558.

We chose to discuss all the questions of law raised by the motion to dismiss filed by the third-party defendants despite the fact that not all of them were decided by the lower court, because actually somewhat short of four years have elapsed since the original complaint was filed in this case and the same has not been heard on the merits. We prefer that for technical reasons this case should not come to us again.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings not incompatible with this opinion.

Mr. Justice Snyder did not participate herein.