## CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.*
### UNION WAREHOUSE AND COMPRESS COMPANY.

ATKINSON, J.   1. Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of a suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover. Civil Code, § 5821.

2. The judgment in such a case is not àn adjudication of the question whether the primary defendant is entitled to recover against his vouchee, upon a suit brought by him against the latter after a recovery has been had in the first action.

3. Where a widow brought against a railway company an action to recover damages for the negligent homicide of her husband, and alleged as one ground of negligence the maintenance of a platform dangerously near a railroad track, and the defendant served a compress company, alleged to be the owner of such platform, with a copy of the petition and a written avouchment, stating that the suit was proceeding upon the theory that there was negligence in the maintenance of the platform of the compress company, by reason of the protrusion of one of the sleepers so as to be too close to the railway track, notifying the compress company of the suit, and vouching it to defend the same, no provision of law exists by which the vouchee can, by petition to the presiding judge, have the question of its liability over determined in advance of the original suit, and obtain an order declaring the vouchee to be relieved from any obligation to defend the suit, and that such avouchment is null and void, and setting it aside and dismissing the vouchee from any participation in the suit.

*Judgment reversed. All the Justices concur.*
NOVEMBER 15, 1912.

Voucher to defend action. Before Judge Hammond. Richmond superior court. September 9, 1911.

*W. K. Miller,* for plaintiff in error.   *W. H. Barrett,* contra.