AUTRY *v.* SOUTHERN RAILWAY COMPANY *et al.*

No. 6349.   September 20, 1928.   Rehearing denied September 29, 1928.

138

*Porter & Mebane,* for plaintiff in error.

*Harper Hamilton, Maddox, Matthews & Owens,* and *Paul H. Doyal,* contra.

HINES, J. The action against the two defendants was joint. The jury returned a joint verdict against them. Judgment was entered up against them jointly. Each defendant filed a separate motion for new trial. Both motions were overruled. Each defendant sued out a separate bill of exceptions returnable to the Court of Appeals, to review the judgment overruling its motion for new trial. Each defendant, in order to supersede the judgment

of the court below, filed separate supersedeas bonds with different sureties. Separate judgments were rendered by the Court of Appeals, affirming the separate judgment in each case. Each defendant applied to this court for a writ of certiorari. That of the Southern Railway Company was denied prior to May 28, 1927. Pending the application of the City of Rome for certiorari, and before it was disposed of by this court, counsel for the plaintiff, on May 28, 1927, entered up judgment against the Southern Railway Company and the surety on its bond for the amount of the judgment rendered against both defendants jointly. Afterwards this court denied the application of the City of Rome for certiorari; and on June 30, 1927, counsel for the plaintiff entered up judgment against the City of Rome and the surety on its supersedeas bond for the full amount of the joint judgment. On July 25, 1927, the Southern Railway Company filed its petition in Floyd superior court against the plaintiff, the sheriff, the City of Rome, and the American Surety Company, the surety on its supersedeas bond, setting out the history of the case and the proceedings as hereinbefore set out; and prayed the court to enjoin the sale of its property levied upon under the execution issued on the judgment rendered against it and its surety on its supersedeas bond; to set aside the judgment rendered against it and its surety on its supersedeas bond, and the judgment against the City of Rome and the surety on its supersedeas bond; to enjoin the enforcement of the execution issued on said judgment; and further prayed for a decree directing the plaintiff to enter a single judgment in said case, preserving therein the joint liability of both defendants, and that the City of Rome be required to show cause why it should not be required to pay plaintiff one half of the verdict and costs in said case. Mrs. Autry, the plaintiff in the judgment, demurred upon the ground that the petition set forth no cause of action, and that petitioner was not entitled, as a matter of law, to any of the relief prayed. The court overruled the demurrer, and error is assigned on that ruling.

The first relief sought by petitioner is to have set aside and canceled the separate judgments entered on the separate supersedeas bonds of the defendants and the sureties thereon. Petitioner seeks this relief upon the ground that these judgments are null and void, because the plaintiff therein has undertaken to con-

vert a joint liability into a several liability, that this is illegal, unjust, and inequitable, that said judgments are not based upon and do not follow the verdict and original judgment taken in the case, and that for these reasons they are null and void. Is this contention well founded? After a joint verdict was rendered and a joint judgment was entered thereon, the defendants made separate motions for new trial. These motions were overruled by separate judgments. To review these judgments the defendants sued out separate bills of exceptions, returnable to the Court of Appeals, and to obtain supersedeas each defendant filed its separate bond, with separate surety, conditioned to pay the eventual condemnation-money and all subsequent costs. Upon the separate affirmance by the Court of Appeals of the judgment overruling each motion, counsel for plaintiff entered a judgment on each of these bonds and the surety on each of them. Was this legal? We think this procedure was legal and valid. In order to obtain a supersedeas in a civil case the party shall, on or before filing the bill of exceptions, pay all costs, and give bond with good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation-money and all subsequent costs. "If the judgment of the court below is affirmed, it shall and may be lawful for the party gaining said case in the" appellate court "to enter up judgment against the principal and his securities on said bond, in the same way and manner that judgment is entered up on appeal bonds, or bonds given for the stay of execution." Civil Code (1910), § 6165. "In all cases of appeal, where security has been given, the plaintiff, or his attorney, may enter up judgment against the principal and surety, jointly and severally; and execution shall issue accordingly, and proceed against either or both, at the option of the plaintiff, until his debt is satisfied." § 5937. The judgments on these supersedeas bonds were entered in exact accordance with the letter of the above provisions of the Code. There is no provision of law for entering one judgment where two supersedeas bonds are given by separate defendants who sue out bills of exceptions returnable to this court or the Court of Appeals. The provision is for the entry of a judgment upon each bond. Such judgment can be entered without notice to the principal and surety on such bond. *Peppers* v. *Coil*, 113 *Ga.* 234 (38 S. E. 823). Under the above provisions of the Code we see no valid

reason why the entering of these separate judgments upon these separate supersedeas bonds was not legally and properly done. The defendants voluntarily segregated the appellate proceedings. They sued out separate bills of exceptions to review the judgments overruling their motions for new trial. They gave separate supersedeas bonds in which each defendant obligated itself and its sureties to pay the eventual condemnation-money if it lost in the Court of Appeals. On each of said bonds, under the law, judgment could be rendered against the principal and surety or against either. When they do this, the above provisions of the Code provide that the plaintiff can enter a judgment separately against each defendant and the surety on each 'of said bonds. Under these circumstances the petition does not make a case for setting aside and canceling the judgments entered upon these bonds.

■ Petitioner prays for a decree directing the plaintiff to enter a single legal judgment in said case, and to preserve therein the joint liability of both defendants. On the rendition of the joint verdict in this case, a joint judgment was rendered against both defendants, thus fixing their joint liability. This judgment was legal. For this reason there is now no necessity for again entering another judgment on said verdict.

■ The real purpose of the petition is to secure contribution by forcing the City of Rome to pay half of the recovery in this case. We know of no law which authorizes one joint defendant in a judgment to have a decree requiring his codefendant to pay the plaintiff therein half of the joint judgment. The only remedy which petitioner will have, if it has any remedy against the City of Rome, is one for contribution. The right of contribution does not arise until one joint obligor has paid all or more than his part of the joint obligation. If petitioner wishes to put itself in position to have contribution from its codefendant, it must first pay up the joint judgment against it and the City of Rome, or more than its portion thereof. The right of contribution does not arise until the party seeking it pays off the joint obligation or more thereof than his share. "In cases of joint, or of joint and several, or of several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give

a complete remedy, equity may entertain jurisdiction." Civil Code (1910), § 4588. By the very terms of this section of the Code a party must pay more than his share of a joint, or a joint and several obligation, before he is entitled to the right of contribution. He must allege that the obligation has been paid, or that he has paid more than his share thereof. *Huey* v. *Stewart,* 69 *Ga.* 768. It does not lie in the mouth of petitioner to claim contribution when it has paid nothing upon the alleged joint obligation. "The right of contribution is inchoate from the date of the creation of the relation between the parties, but is not complete, so as to be enforceable until there has been an actual payment, in whole or in part, of the common obligation or until something is done equivalent to a discharge thereof." 13 C. J. 823 (§ 5) C. It follows that the petition does not make a case for contribution, even if it would be entitled to it if it had paid off the joint judgment or a greater portion thereof than it is liable therefor. This renders it unnecessary for us to determine whether petitioner would be entitled to contribution in the event it pays off the joint judgment in full, or more than it is bound to pay as between it and the City of Rome.

■ After litigating with the plaintiff in these judgments through all the courts, the railway company now comes into a court of equity and seeks to enjoin her from enforcing the same until the liability of the defendants thereon, as between themselves, has been fixed and adjudicated. He who would have equity must do equity. Civil Code (1910), § 4521. This is a favorite maxim of equity. *Duke* v. *Ayers,* 163 *Ga.* 444, 454 (136 S. E. 410); *Magid* v. *Byrd,* 164 *Ga.* 609, 621 (139 S. E. 61). Certainly petitioner should not be allowed to enjoin the plaintiff from enforcing her judgment against it and the surety on its supersedeas bond, when it does not pay or tender to her the amount which it admits it owes upon the joint judgment. In these circumstances a court of equity will not open its doors to petitioner and grant it injunctive relief.

■ If petitioner is entitled to contribution from the City of Rome, it has an ample remedy at law by which this right can be enforced. Petitioner can have an execution issue on the joint judgment already entered, pay the same off, and have payment by it entered on the fi. fa. to enforce said judgment, and thus have

full power to control and use said fi. fa against its codefendant, if the latter is liable for contribution. Civil Code (1910), § 5971. In this way the rights of the plaintiff in fi. fa. will be respected and enforced, and the right of the defendant to contribution from its codefendant can be enforced, if such liability exists.

■ Applying the above principles, the petition does not make a case entitling the petitioner to the relief sought; and for this reason the trial judge erred in not sustaining the demurrer to the petition. *Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

This case is distinguishable from *Finley* v. *Southern Railway Co.*, 5 *Ga. App.* 722 (64 S. E. 312), *Irwin* v. *Riley*, 68 *Ga.* 605, and similar cases. In those cases the question of the right of a plaintiff in a joint judgment, where the joint defendants sue out separate bills of exceptions, to enter judgment upon the separate supersedeas bonds, upon affirmance of the joint judgment, was not involved. This right is given by our statute, and is independent of the joint judgment.