### WILLIAMS *v.* SMITH *et al.*

No. 6927. SEPTEMBER 25, 1929.

*H. J. Lawrence,* for plaintiff.

*J. C. Bennett, H. L. Williams,* and *John Rogers, Jr.,* for defendants.

ATKINSON, J. ■ Under a proper construction of Civil Code (1910), § 5269, the words "his county," as employed therein and to which the question propounded relates, refer to the county of the serving officer. The provisions are first for delivery of the affidavit, bond, and summons of garnishment to "any officer authorized by law to levy an attachment," and second for service by such officer of "summons of garnishment upon the person to whom it is directed, if to be found in his county, and to make an entry of such service," etc. It is the officer, and not the person to be served, on whom the prescribed official duties are imposed. The

statute does not say expressly or by implication that the officer should make a statewide search to *find* the person desired to be served with garnishment, or that he should go out of his county to make service of such process.

■ The Civil Code (1910), § 5268, makes provision for a plaintiff to make affidavit and give a bond upon which to obtain the summons of garnishment based on a pending action or a judgment. Section 5269 provides that it shall be the duty of the officer before whom the affidavit and bond are made, or any other like officer to whom the affidavit and bond may be delivered by plaintiff, to issue a summons of garnishment directed to the person sought to be garnished, requiring him to appear in the court in which the action is pending or the judgment was obtained and make answer. It then provides, that, "Upon such affidavit, bond, and summons of garnishment being delivered to any officer authorized by law to levy an attachment, it shall be his duty to serve such summons of garnishment upon the person to whom it is directed, if to be found in his county, and to make an entry of such service, and of his actings and doing in the premises, upon the affidavit and bond, and return the same to the court to which the person summoned as garnishee is required to appear; and all subsequent proceedings shall be the same as in this Code prescribed in relation to garnishment in cases of attachment." In section 5277, it is provided that "when any of the persons sought to be garnished reside in a different county from the one where suit is pending or in which judgment was obtained," summons of garnishment may be issued on compliance with prescribed requirements in "the county where the person sought to be garnished resides," returnable to the courts of that county. In section 5278 an additional method is provided for obtaining garnishment against persons presiding in a different county from that in which the suit is pending or the judgment was obtained, and making them returnable to the courts in the county of their residence. Section 5269 should be construed in the light of the several other sections above mentioned. When so construed, it is plain that a summons of garnishment issued thereunder is returnable to the courts of the county in which the garnishee resides; and that he may not be compelled to make answer in the county where suit is pending or judgment was obtained, if he resides in another county. The fact that he might be passing

through or temporarily in the county where suit is pending or judgment was obtained would not alter the case. The courts of such county in the circumstances stated would be without jurisdiction.

■ The first question propounded by the Court of Appeals is answered in the affirmative, and the second is answered in the negative.                              *All the Justices concur.*