25301. REGISTER et al. v. STONE'S INDEPENDENT OIL DISTRIBUTORS et al.

MOBLEY, Presiding Justice. This appeal is from an order denying the motions of third-party defendants to dismiss a third-party complaint in a tort action. One ground of each of the motions to dismiss is that Section 14 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-114), and particularly that part of the section providing that, "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him," as applied to these defendants, who are residents of counties other than the county where the suit is brought, is unconstitutional, null, and void, for the reason that it is in violation of the Constitution of Georgia, Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904), and Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906), which constitutional provisions determine the venue of the action.

These grounds of the motions do not attack any portion of the statute itself as being unconstitutional, but contend that it would be unconstitutional to apply the statute to these defendants, who are nonresidents of the county in which the suit is brought. The case therefore requires only the application of plain and unambiguous provisions of the Georgia Constitution, and is not a case involving the construction of the Constitution of the State, or one in which the constitutionality of any law of the State is drawn in question, within the meaning of the Constitution, Art. VI, Sec. II, Par IV (*Code Ann.* § 2-3704). See *Gormley v. Searcy*, 179 Ga. 389, 397 (175 SE 913); *Northwestern Mut. Life Ins. Co. v. Suttles*, 201 Ga. 84, 103 (38 SE2d 786); *Loomis v. State*, 203 Ga. 394, 405 (47 SE2d 58); *D. Davis & Co. v. Plunkett*, 224 Ga. 357 (162 SE2d 387); *Potts v. State Hwy. Dept.*, 225 Ga. 6 (165 SE2d 726). There being no other ground of jurisdiction in this court, the Court of Appeals has jurisdiction of the case.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969.

*George C. Grant,* for appellants.

*Adams, O'Neal, Steele, Thornton & Hemingway, Joseph H. Davis, Harris, Russell & Watkins,* for appellees.