26088. REGISTER et al. v. STONE'S INDEPENDENT OIL DISTRIBUTORS, INC. et al.

ARGUED DECEMBER 16, 1970—DECIDED JANUARY 7, 1971.

*George C. Grant,* for appellants.

*Adams, O'Neal, Thornton, Hemingway & McKenney, H. T. O'-Neal, Jr., Hardy Gregory, Jr., Joseph H. Davis,* for appellees.

MOBLEY, Presiding Justice. This court granted certiorari to review the ruling of the Court of Appeals in *Register v. Stone's Independent Oil Distributors,* 122 Ga. App. 335 (177 SE2d 92), which is summarized in the first headnote, as follows: "The impleading of a third-party defendant under CPA § 14 (a) (*Code Ann.* § 81A-114 (a)) is not an independent 'suit' or 'case' so that it must satisfy within itself the venue requirements of our Constitution (Art. VI, Sec. XIV; *Code Ann.* § 2-4901 et seq.), but is an ancillary proceeding with its venue resting upon that of the main action. Hence there is no inhibition against the impleading of a party who resides in a county other than that in which the main action pends."

The action arose on complaint of Mrs. J. W. Bailey filed in Dodge Superior Court, suing for damages for loss of the consor-

tium of her husband, J. W. Bailey, because of injuries received by him while he was undertaking a rescue mission. The original complaint joined Stone's Independent Oil Distributors, Inc., and the driver of its truck, James Carl Ross, Jr.; Rentz Bus Lines, a partnership composed of G. P. Register and Burtz V. Register, and the driver of its bus, Gerald W. NeSmith; and Dallas Thomas Rodgers. It was alleged that the collisions of the vehicles of Ne-Smith, Rodgers, and Ross caused the vehicle of Rodgers to crush J. W. Bailey against the wreckage of the vehicle of a motorist he was attempting to rescue, and it was alleged that Bailey's injuries were caused by the joint and concurring negligence of all the defendants.

NeSmith and Rentz Bus Lines, a partnership composed of G. P. Register and Burtz V. Register, filed defenses, one defense being that Bailey had already been injured by Rodgers before the vehicle operated by NeSmith arrived in the vicinity of the collision, that they were not jointly liable with Rodgers, and that the court had no jurisdiction over these defendants because they are not residents of Dodge County. Thereafter Mrs. Bailey struck Ne-Smith and Rentz Bus Lines as defendants in her action.

Stone's Independent Oil Distributors, Inc., and Ross subsequently filed a motion, as third-party plaintiffs, to make Rentz Bus Lines, a resident of Laurens County, and NeSmith, a resident of Bleckley County, third-party defendants, alleging that these third-party defendants "are liable over to them for all or part of the plaintiff's claim against these movants." This motion was granted, and the third-party plaintiffs filed a third-party complaint, alleging that if the plaintiff in the tort action recovers a verdict and judgment against them, the third-party defendants are liable over to them for a pro rata share of the verdict and judgment.

The third-party defendants filed motions to dismiss the third-party complaint, asserting that the court did not have jurisdiction of them. These motions were denied, and that order was appealed to this court. We held that jurisdiction was in the Court of Appeals. *Register v. Stone's Independent Oil Distributors,* 225 Ga. 490 (169 SE2d 781). The Court of Appeals then rendered the decision which is now under review.

The General Assembly expressed its intention that the Civil Practice Act "shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein." Ga. L. 1966, pp. 609, 670 (*Code Ann.* § 81A-182). Without such statement, the same construction must result, because the enactment of a new procedural method of bringing in parties can not change the jurisdictional rules of the Constitution of this State. *Hanson v. Williams,* 170 Ga. 779, 783 (154 SE 240); *Bradley v. Burns,* 188 Ga. 434, 435 (4 SE2d 147); *Terhune v. Pettit,* 195 Ga. 793 (25 SE2d 660); *Fraser v. Moose,* 226 Ga. 256, 258 (174 SE2d 412).

In the majority opinion of the Court of Appeals it is held that the impleading of a third-party defendant in a case like the present one is a mere "ancillary" proceeding and not a "suit" requiring independent venue in the county of the residence of the defendant as required by the Constitution, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906). The fact that a proceeding is "ancillary" to an action does not necessarily prevent it from being a distinct suit against a separate party. *Dent v. Dent,* 118 Ga. 853 (45 SE 680).

The majority opinion of the Court of Appeals quotes from a garnishment case, *Huron v. Huron,* 1 T. U. P. Charlt. 160, but concedes that the statement concerning garnishment cases is no longer the law of Georgia. See *Williams v. Smith,* 169 Ga. 136 (149 SE 908).

The Court of Appeals cites as an example of an ancillary proceeding analagous to the present case the vouchment of a party to defend an action, wherein the judgment is conclusive upon the party vouched as to the amount and right of the plaintiff to recover. *Code* § 38-624. The Court of Appeals recognizes that the judgment in such a vouchment case is not an adjudication of the question of whether the primary defendant is entitled to a judgment against his vouchee, and that, under the former practice, a separate suit must be maintained by the primary defendant against the vouchee in the county of the residence of the vouchee to determine the liability of the vouchee to the defendant. *Charleston & W. C. R. Co. v. Union Warehouse &c. Co.,* 139 Ga. 20 (76 SE 360); *Southern R. Co. v. Acme Fast Freight, Inc.,* 193 Ga. 598 (19 SE2d 286, 140 ALR 1118). The Court of Appeals states that this appears to be a result of the *procedural* inade-

quacy of the vouchment proceeding.

If the enactment of a procedural method in the Civil Practice Act eliminating the necessity of a second suit in a vouchment case would allow the joinder of the vouchee in an action brought in a county in which he does not reside, then the Civil Practice Act would extend the venue in such actions. This is contrary to the expressed intention of the General Assembly as stated in the Civil Practice Act, and contrary to the requirements of the Constitution of this State in regard to the venue of actions.

Prior to the 1966 amendment to *Code* § 105-2012 (Ga. L. 1966, p. 433), a tortfeasor had no right of contribution against a joint tortfeasor unless they were jointly sued, judgment was rendered against both of them, and the tortfeasor paid more than his share of the joint judgment. *Mashburn & Co. v. Dannenberg Co.,* 117 Ga. 567, 582 (44 SE 97); *Autry v. Southern R. Co.,* 167 Ga. 136 (3) (144 SE 741). The right of contribution from a joint tortfeasor not sued in the action (provided by the 1966 Act, supra) is a substantive right. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857). Even though the action to recover such contribution is a third-party complaint, it has the nature of an independent suit, which can be maintained only in the county of the residence of the alleged joint tortfeasor. Compare: *Bishop v. Brown,* 138 Ga. 771 (76 SE 89); *Fourth Nat. Bank of Columbus v. Mooty,* 143 Ga. 137 (84 SE 546).

The Constitutional provision vesting the jurisdiction of actions against joint trespassers in the county of the residence of either (Constitution, Art. VI, Sec. XIV, Par. IV; *Code Ann.* § 2-4904) has no bearing on the issue here. The plaintiff in the action is not suing the third-party defendants. The defendants, as third-party plaintiffs, are seeking contribution by the third-party defendants of their pro rata share of any verdict and judgment obtained against the third-party plaintiffs. Such an action can not be brought in a county other than that of the residence of the third-party defendants. Compare *Barnes v. Banks,* 154 Ga. 706 (115 SE 71); *Huckabee Auto Co. v. Norris,* 190 Ga. 515 (9 SE2d 840, 129 ALR 913).

Determinations by Federal courts of jurisdictional questions under third-party practice rules similar to ours are not controlling

on this court. The jurisdictional questions in Federal courts are not the same as in our courts, and venue questions in our courts must be decided under the Constitution of this State.

The Court of Appeals erred in holding that the third-party complaint was not such an independent suit as to require that the third-party defendants be sued in the counties of their residence.

*Judgment reversed. All the Justices concur.*