### 45817.   WALKER v. POWELL et al.

JORDAN, Presiding Judge. Powell was a passenger in an automobile operated by Walker which collided with an automobile operated by Long. Powell instituted a personal injury action against Long in Douglas Superior Court on October 23, 1969, and service on Long was effected the same day. Long answered the complaint on November 21, 1969, and simultaneously filed a "third-party complaint and cross-claim" against Walker who, like Long, resided in Douglas County.

The "third-party complaint" portion of the pleading sought to bring Walker into the action as one liable for a part or all of Powell's claim against Long, by reason of Walker's negligence as the partial or sole cause of Powell's injuries. In the "cross-claim" portion of the pleading Long stated a claim against Walker for his own personal injuries and property damage as having been proximately caused by Walker's negligence.

These pleadings were served on Walker on November 28, 1969. The summons required "an answer to the complaint which is herewith served upon you, within 30 days after service of the summons . . . exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." By a letter dated December 10, 1969, Powell's attorney informed the Clerk of Douglas Superior Court that "This is your authority to dismiss the above styled action as to the Plaintiff Weyman A. Powell, as this action has

been settled as to plaintiff." Continuing, the letter states, "However, I believe you will still find pending in this action a cross complaint which we have no authority to dismiss." The pleadings include an undated notation, "Plaintiff dismissed action 12/10/69, main case."

The record further discloses a verdict dated March 18, 1970, in favor of Long for $6,196, and a judgment filed on May 14, 1970, but purportedly signed by the trial judge on June 16, 1970, which recites that the action of Long against Walker "in default came on for trial before the court and a jury . . . and the issues of damages, having been duly heard and the jury having duly rendered its verdict" it is ordered that Long recover of Walker $6,196.

Walker filed his first pleadings on May 6, 1970, designating the pleadings as a "motion to set aside judgment" and praying that the court "set aside and order vacated the default verdict of March 19, 1970." He filed an amendment on August 4, 1970, referring, among other things, to the judgment signed by the trial judge on June 16, 1970. He appeals from an order purporting to deny the motion, after a hearing thereon. *Held:*

From a substantive standpoint Long's "cross claim" clearly qualifies as an independent claim against Walker properly brought in the county of Walker's residence and requiring a timely answer under the mandate of the summons, notwithstanding the voluntary dismissal of Powell's claim against Long. See *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68). Having ignored the mandate of the summons and having allowed the case to proceed in default to judgment (see CPA. § 55; *Code Ann.* § 81A-155) Walker's relief by means of a motion to set aside was limited to a showing of "some nonamendable defect which does appear upon the face of the record or pleadings" as to which, to be subject to the motion, "the pleadings must affirmatively show that no claim in fact existed." CPA § 60 (d); *Code Ann.* § 81A-160 (d). In our opinion the action of the lower court in refusing to sustain the motion discloses no error.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs specially.*

ARGUED JANUARY 7, 1971—DECIDED MARCH 5, 1971—
REHEARING DENIED MARCH 25, 1971.

*Noland & Coney, John L. Coney, Dennis & Fain, Thomas S. Carlock,* for appellant.

*Joseph J. Anthony,* for appellees.

EVANS, Judge, concurring specially. I concur in all that is said in the opinion, except that I do not feel that *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, supra, is authority for the ruling here made. The Supreme Court in that case held that the third-party practice is not the same as suing joint tortfeasors in the same county as authorized by the Constitution of 1945 (Art. VI, Sec. XIV, Par. IV; *Code Ann.* § 2-4904). That court further held that the defendants, in seeking contribution by a third-party defendant, must bring such action in the county of the residence of the third-party defendant. See § 14 CPA (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-114). The case sub judice involves one in which the defendant (third-party plaintiff) not only sought contributions under § 14 (a) of the CPA supra, but filed a cross claim for damages against the third-party defendant after the court had obtained complete jurisdiction of the parties and the subject matter. See § 13 CPA (Ga. L. 1966, pp. 609, 625). I agree with the majority in holding that "Long's 'cross claim' clearly qualifies as an independent claim against Walker properly brought in the county of Walker's residence . . ." This special concurrence is made for the sole purpose of objecting to any extension of the rulings in *Register v. Stone's Independent Oil Distributors,* further than as actually spelled out therein.