## 50832. CHAPMAN v. LATEX FILLER & CHEMICAL COMPANY, INC. et al.

CLARK, Judge.

Can a Georgia defendant sued in the county of his residence by a Georgia plaintiff maintain a third-party action in that county against a nonresident motorist? The answer is "Yes."

Plaintiff, a resident of Polk[1] County, sued defendant corporation in Whitfield[2] County, that being its corporate residence, for damages sustained in an automobile collision which had occurred in Polk County. Defendant filed a third-party action under the Non-Resident Motorists Act against the driver of the plaintiff's car, she

---

[1]Named for James K. Polk (1795—1849) of Tennessee, eleventh U. S. President.

[2]Official spelling is without an "e," although named for George Whitefield (1714—1770), a famed preacher of

being alleged to be a resident of Alabama. When the trial court denied third-party defendant's motion to dismiss which had been based upon an allegation of lack of jurisdiction and improper venue, the Alabama resident filed this appeal.

In *Register v. Stone's Independent Oil Distributors, Inc.,* 227 Ga. 123 (179 SE2d 68) our Supreme Court ruled that a third-party defendant suit is an independent action to the extent that a third-party defendant must be sued in the county of defendant's residence. As the Alabama appellant has no Georgia residence, jurisdiction over her comes under the Non-Resident Motorists Act contained in the Annotated Code as Chapter 68-8. In designating venue for suits brought thereunder, this statute specifically includes ". . . the county of the residence of the plaintiff . . ." Code Ann. § 68-803. Defendant in the original action was sued in the county of its residence and is the third-party plaintiff in the independent action by suing the Alabama driver as third-party defendant. Therefore the trial judge correctly overruled appellant's motion to dismiss for lack of jurisdiction and improper venue. Quod Erat Demonstrandum (Q. E. D.).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 26, 1975 — DECIDED SEPTEMBER 3, 1975.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr., Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellant.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr., Glenn York, Jr.,* for appellees.

---

the Evangelical Revival in both Great Britain and America. His work with John and Charles Wesley brought him to Savannah where in 1740 he founded the Bethesda Home for Boys, first and now oldest U. S. orphanage.