### 52535. CENTRAL OF GEORGIA RAILROAD COMPANY v. GEORGIA KRAFT COMPANY et al.

SMITH, Judge.

The plaintiff brought an action against Central of Georgia Railroad Company to recover for personal injuries allegedly caused by the negligence of the defendant. Central of Georgia Railroad Company filed a third-party complaint against Georgia Kraft Company alleging a right of contribution and common law indemnity for all sums which plaintiff might recover from Central of Georgia Railroad. Georgia Kraft Company moved for judgment on the pleadings. The trial court granted Georgia Kraft Company's motion and dismissed Georgia Kraft Company as a third-party defendant. Central of Georgia Railroad Company appeals the order dismissing its third-party complaint against Georgia Kraft Company.

The record shows that the plaintiff was employed by Central of Georgia Railroad Company to switch cars in various railroad yards. On October 15, 1973, the plaintiff was working in the railroad yard of Georgia Kraft Company in Alabama. While working in the yard, a log fell from one of the cars and injured the plaintiff. The plaintiff alleges that the car was improperly loaded as a result of the negligence of Central of Georgia Railroad Company. The third-party complaint alleges that the car was placed at Georgia Kraft Company's place of business for unloading and that Georgia Kraft Company partially unloaded the particular car in question. Central of Georgia Railroad Company alleges that the load was loosened and shifted by Georgia Kraft Company during unloading, thus causing the log to fall upon the plaintiff.

The original and third-party complaints were brought in Muscogee County, Georgia. The trial court dismissed the third-party complaint holding that the Superior Court of Muscogee County, Georgia, was without jurisdiction of Georgia Kraft Company and that Muscogee County, Georgia, was not the proper venue for any action for common law indemnity inasmuch as any such action "originated in the State of Alabama, the place where the injury or the incident alleged in plaintiff's complaint occurred, and not in Muscogee County, Georgia, and the registered office and registered agent of third-party defendant is in Fulton County, Georgia, and its principal office is located in Floyd County, Georgia, and the venue is not otherwise proper as provided for in Georgia Code Ann. § 22-404 (Georgia Laws, 1968, pages 565, 584; 1975, pages 583, 587) or any other Statute of this State."

Code § 22-404 (d) provides: "For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside and may be sued for damages because of torts, wrong or injury done, *in the county where the cause of action originated,* if the corporation has an office and transacts business in that county. The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws." (Emphasis supplied.) Appellant contends that venue was properly in Muscogee County because appellant's cause of action against Georgia Kraft Company originated in Muscogee County. Appellant reasons that no cause of action for indemnity existed until the original suit was filed against the defendant in Muscogee County; and therefore, its cause of action against Georgia Kraft Company for indemnity arose in Muscogee County and venue there exists under the provisions of Code § 22-404 (d).

We disagree with appellant's interpretation of Code § 22-404 (d) and the provision which allows suit "in the county where the cause of action originated." The cause of action originated in the place where the act or omission to act complained of occurred. See generally U. S. Lines, Inc.

v. United States, 470 F2d 487 (1972). Thus, the cause of action originated not in Muscogee County, where the defendant was sued, but in Russell County, Alabama where the incident and resulting injury occurred.

Thus, venue was not proper under the provisions of Code § 22-404 (d); it was not otherwise proper under Code § 22-404. The impleading of a third-party defendant is an independent suit or case and must satisfy within itself the jurisdiction and venue requirements of the Constitution of the State of Georgia. *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68). Accordingly, the trial court did not err in entering judgment on the pleadings in favor of the appellee upon a proper determination that the third-party action did not satisfy within itself the venue requirements of the State of Georgia.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED OCTOBER 18, 1976.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree,* for appellant.

*Kelly, Champion, Denney & Pease, John W. Denney, Joel O. Wooten, Billy E. Moore,* for appellees.