## 53699. REFRIGERATION SUPPLIES, INC. v. BARTLEY et al.

BELL, Chief Judge.

In the prior appearance of this case, we reversed the grant of summary judgment to defendants where the plaintiff, co-payee of six checks drawn by the defendant (the property owner — general contractor), was damaged when the defendants, cashing and drawee banks, paid these checks without plaintiff's endorsement. We then affirmed the court's denial of plaintiff's motion for summary judgment as there remained an issue of fact concerning the amount of damages. *Refrigeration Supplies v. Bartley,* 144 Ga. App. 141 (240 SE2d 566). On certiorari, the Supreme Court concluded that we were correct in holding both the collecting and drawee banks liable to plaintiff on these checks as a matter of law, and that there remained in the case factual questions as to the amount of damages. *Trust Co. of Columbus v.*

*Refrigeration Supplies,* 241 Ga. 406. Other issues still remain in the case. *Held:*

1. The Supreme Court's conclusion that both banks were liable was based on the holding that the banks' payment of the checks without the endorsement of the plaintiff joint payee amounted to a tortious conversion. The statute of limitation for conversion of personalty is four years. Code § 3-1003. Therefore, the right of action accrued and the statute began to run as of the date of payment of each check. *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605). This suit was filed August 25, 1976. The proof in the record without dispute shows that five of the six checks, Nos. 4433, 4745, 4873, 5184 and 5290, had been paid more than four years prior to the filing of the suit and that the remaining check, No. 5408, was paid on September 12, 1972. In its answer, the collecting bank, Trust Company of Columbus, specifically pleaded the statute of limitation in bar as to only the first four of the six checks in issue. By not raising this defense as to two of the checks, the defendant collecting bank waived it as to them. *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723). The defendant drawee bank, First National Bank of Columbus, pleaded generally in its answer that the statute barred recovery on all checks, but now has admitted in its brief that recovery on the check which was paid on September 12, 1972 was not barred. Consequently, the statute of limitation defense bars plaintiff's recovery against both banks as to these four checks, Nos. 4433, 4745, 4873, and 5184 and additionally against First National as to check No. 5290.

2. In our earlier decision, we reversed the grant of summary judgment to the defendant property owner-general contractor, Bartley. The Supreme Court in its opinion also held that the checks on which the suit was brought were unenforceable by the plaintiff co-payee against the drawer, the defendant Bartley. Accordingly, we affirm the grant of summary judgment as to him.

3. In view of the foregoing, we affirm the grant of summary judgment to defendant Bartley; the grant of summary judgment to defendant First National Bank as to Check Nos. 4433, 4745, 4873, 5184, and 5290, and the grant of summary judgment to defendant Trust Company

as to Check Nos. 4433, 4745, 4873, and 5184.

We reverse the grant of summary judgment to defendant First National Bank as to Check No. 5408 and the grant of summary judgment to defendant Trust Company as to Check Nos. 5290 and 5408.

4. The denial of plaintiff's motion for summary judgment is affirmed.

*Judgment affirmed in part and reversed in part. Shulman and Birdsong, JJ., concur.*

DECIDED JULY 3, 1978 — REHEARING DENIED JULY 28, 1978 —

*Martin, Kilpatrick & Davidson, Marcus B. Calhoun, Jr.,* for appellant.

*Willis & Carter, Grover C. Willis, Jr., Thompson, Redmond & Johnson, Lee R. Redmond, Hatcher, Stubbs, Land, Hollis & Rothschild, Jerry A. Buchanan, Gary L. Coulter,* for appellees.