37724. LESTER WITTE & COMPANY et al. v. COBB BANK & TRUST COMPANY.

HILL, Presiding Justice.

Cobb Bank & Trust Company sued Lester Witte & Company (hereinafter "Witte"), Stephen R. Gross, Henry E. Lane, Jr., and Frank H. May in Cobb County Superior Court. Subsequently Witte and Gross filed a pleading denominated as "Cross-Claim and Third-Party Complaint" against May (their co-defendant and a

resident of Cobb County) as a cross-defendant, and naming John E. Aderhold and E. Earl Patton (residents of Fulton County) as third-party defendants. Witte and Gross allege that May, Aderhold and Patton are secondarily, jointly, or primarily responsible for all the bank's alleged losses, and they seek contribution or indemnification from them as joint tortfeasors. The trial court granted the motion of the third-party Fulton County defendants to dismiss for lack of venue and certified the issue for immediate review.

Disposition of this case is controlled by the provision of the Georgia Constitution which provides that "Suits against joint obligors, joint promissors, co-partners, or joint trespassers, residing in different counties, may be tried in either county." Ga. Const. Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4304). Joint trespassers having been held to be synonymous with joint tortfeasors, venue lies under this provision against all joint tortfeasors in the county of residence of any of the joint tortfeasors. *Cox v. Strickland,* 120 Ga. 104, 106-108 (47 SE 912) (1904); *Southern R. Co. v. City of Rome,* 179 Ga. 449, 455-56 (176 SE 7) (1934). The fact in this case that one of the alleged joint tortfeasors is the defendant on a cross-claim while the other two are third-party defendants does not alter their status as joint tortfeasors — nor do the third-party defendants contend it does. The Constitution does not concern itself with whether the joint tortfeasors be cross-defendants, third-party defendants, or a combination of the two. It merely provides that suits against joint tortfeasors residing in different counties may be brought in either county. We do not consider the provisions of the Civil Practice Act pertaining to cross-claims (Code Ann. § 81A-113 (g)), and to third-party practice (Code Ann. § 81A-114) to be in conflict with the Constitution; of course, even if they were, the venue provisions of the Constitution would be controlling and cannot be extended or limited by the Civil Practice Act. *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 125 (179 SE2d 68) (1971); Code Ann. § 81A-182.

The third-party defendants, Aderhold and Patton, contend that *Register v. Stone's Independent Oil Distributors,* supra, 227 Ga. 123, demands that their motion to dismiss be sustained. We cannot agree. At issue in *Register* was whether a third-party action was an independent action requiring that it be brought in the county of residence of one of the third-party defendants; the court held that it was, and that the third-party complaint was subject to dismissal for lack of venue where neither of the third-party defendants resided in the county in which the main action had been filed. The facts were significantly different from those here, however, in that there was no joint tortfeasor cross-defendant against whom venue was proper. The

*Register* court held: "Even though the action to recover such contribution is a third-party complaint, it has the nature of an independent suit, which can be maintained *only in the county of the residence of the alleged joint tortfeasor."* (Emphasis supplied.) Id., 227 Ga. at 126. Subsequently, in *Shell v. Watts,* 229 Ga. 474 (192 SE2d 265) (1972), the court held that where there are two third-party defendants who are allegedly joint tortfeasors, venue against both will lie in the county in which the main action is pending if either of the third-party defendants is a resident of that county. Here the cross-defendant and the third-party defendants are alleged joint tortfeasors; thus the cross-defendant and the third-party defendants can all be sued in the county of residence of the cross-defendant.

The third-party defendants argue that because a third-party complaint is a separate action whereas the cross-claim against May is not, venue as to at least one of the third-party defendants must lie in Cobb County. We reject this argument as exalting form over substance.

We hold that under the Constitution, Code Ann. § 2-4304, the proper inquiry is whether the cross-defendant and the third-party defendants are alleged or can be shown to be joint tortfeasors. Where they are or can be, they may be sued in the county of residence of the cross-defendant. Thus the trial court erred in granting the third-party defendants' motion to dismiss for lack of venue.

*Judgment reversed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 29, 1981.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Bruce B. Weddell, Kastel & Rutkoff,* for appellants.

*Kilpatrick & Cody, Everett Doffermyre, Jr., Awtrey & Parker, George W. Darden III, Chambers & Chambers, John W. Chambers, Sr., Flournoy & Evans, Charles A. Evans,* for appellee.