63612. TRAMMELL v. EBERHARDT et al.

POPE, Judge.

Steven Eberhardt, a resident of Oconee County, while driving a truck owned by his employer, Farmer's Hardware, Inc. of Athens, was involved in an automobile accident in Lumpkin County with an auto of the defendant Robert L. Dowdy and an auto of the defendant Mamie Lee Trammell, both residents of Lumpkin County. Eberhardt sued Dowdy and Trammell in Lumpkin County as joint tortfeasors. Trammell filed a cross-claim against her co-defendant

Dowdy and a third-party counterclaim against plaintiff Eberhardt and his employer Farmer's Hardware, all as joint tortfeasors. The trial court denied Trammell's motion to add Farmer's Hardware, a nonresident, as a third-party defendant due to improper venue.

On appeal Trammell claims that the trial court erred in denying her motion to add Farmer's Hardware as a party. The question presented here is whether the cross-claim against the resident defendant Dowdy gives the trial court jurisdiction as to the nonresident third-party defendant Farmer's Hardware.

Art. VI, Sec. XIV, Par. IV of the Constitution of Georgia, 1976, (Code Ann. § 2-4304) provides that joint promissors, co-partners, or joint trespassers residing in different counties may be tried in either county. Joint trespassers have been held to be synonymous with joint tortfeasors. *Southern R. Co. v. City of Rome,* 179 Ga. 449 (176 SE 7) (1934). "The Constitution does not concern itself with whether the joint tortfeasors be cross-defendants, third-party defendants, or a combination of the two. It merely provides that suits against joint tortfeasors residing in different counties may be brought in either county." *Lester Witte & Co. v. Cobb Bank & Trust Co.,* 248 Ga. 235, 236 (282 SE2d 296) (1981).

Under Code Ann. § 2-4304 "... the proper inquiry is whether the cross-defendant and the third-party defendants are alleged or can be shown to be joint tortfeasors. Where they are or can be, they may be sued in the county of residence of the cross-defendant." *Lester Witte & Co. v. Cobb Bank & Trust. Co.,* supra at 237. Thus, the trial court erred in denying the appellant's motion to add Farmer's Hardware as a third-party defendant.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DECIDED JUNE 29, 1982.

John H. Smith, Charles S. Wynne, Weymon H. Forrester, *for appellant.*

Jack Davidson, Sam S. Harben, Jr., J. Douglas Parks, Robert L. Husby, Jr., *for appellee.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority, in my opinion the case relied on by the trial judge, *Pemberton v. Purifoy,* 128 Ga. App. 892 (198 SE2d 356) (1973), prohibiting resident defendant from bringing in on counterclaim a nonresident third party on the theory that it is a joint tortfeasor with nonresident plaintiff, should be overruled as it

appears to be in direct conflict with the case sub judice and cases cited therein.