### 72006. DAVIS v. BETSILL.
(344 SE2d 525)

CARLEY, Judge.

Richard Andrew Chambers, plaintiff in the court below, instituted a civil action against appellant seeking damages as a result of injuries sustained by Chambers in an automobile collision which, according to Chambers, occurred because appellant negligently left his automobile unattended in the right-hand northbound lane of an expressway. In addition to filing an answer denying all liability to the plaintiff, appellant filed a third-party complaint against appellee under OCGA § 9-11-14 alleging that appellee had performed negligent repair work on the appellant's vehicle, as a result of which negligence, the vehicle became inoperable on the expressway prior to the time of the collision complained of in plaintiff's complaint. Therefore, appellant alleged, he was forced to leave the vehicle on the roadway and seek assistance.

Appellant is a resident of Clayton County, Georgia, while appellee resides in Henry County. Appellee moved to dismiss the third-party complaint because of improper venue under the rationale of *Register v. Stone's Independent Oil Distrib.*, 227 Ga. 123 (179 SE2d 68) (1971). In response to the motion to dismiss, appellant relied upon OCGA § 9-10-34 (b) which provides as follows: "The claim of a defending party against a third-party defendant may be tried in the county where the action in which the claim for which the third-party defendant may be wholly or partially liable to the defending party is pending; *and such claim may be tried in such county even though the third-party defendant is not a resident of such county.*" (Emphasis supplied.) The trial court entered an order stating that "[u]pon consideration of the above motion, the briefs of the parties, the underlying record *and the effective date of OCGA [§] 9-10-34 (b)*, the motion is GRANTED." (Emphasis supplied.) Contending that the provisions of OCGA § 9-10-34 (b) are applicable to this litigation and mandate a holding that venue was proper, appellant ap-

peals the order dismissing the third-party complaint.

1. *Register v. Stone's Independent Oil Distrib.*, supra, was decided under the 1945 Constitution. OCGA § 9-10-34 (b) (Ga. Laws 1984, p. 1149, § 1) was enacted by the General Assembly pursuant to the authority granted by Art. VI, Sec. II, Par. VII of the Constitution of the State of Georgia, 1983. This statute and its constitutional authorization collectively confer venue as to a third-party defendant in circumstances in which venue was found lacking under the former Constitution. See *Register v. Stone's Independent Oil Distrib.*, supra. The language of OCGA § 9-10-34 (b) is clear, unambiguous and unequivocal. However, the problem facing the trial court, which presents the issue for resolution by this court, is that OCGA § 9-10-34 (b) became effective on March 29, 1984, and the collision which underlies plaintiff's complaint and the third-party complaint occurred on May 22, 1982, prior to the effective date of the Code section. However, the lawsuit brought by Chambers against appellant was filed on May 21, 1985, after the effective date of the aforesaid statutory provision. The trial court apparently determined that the statute should not be applied retroactively to a lawsuit having as its basis an incident occurring prior to the effective date of the statute. However, we find that the statute at issue "is remedial in its nature, and merely fixes the place where the venue of a suit like the present shall be." *Central Ga. Power Co. v. Stubbs*, 141 Ga. 172, 181 (80 SE 636) (1913). Accordingly, the specific statutory provision authorizing the filing of this third-party complaint, insofar as venue is concerned, is applicable because it was effective prior to the institution of the instant litigation. See also *Southern R. Co. v. Lawson*, 174 Ga. App. 101, 103 (329 SE2d 288) (1985). Therefore, venue as to the third-party defendant was proper and the third-party complaint should not have been dismissed for this reason.

2. In the motion to dismiss filed in the trial court, appellee also contended that the subject matter of the third-party complaint was not such as to bring it within the secondary liability purview of OCGA § 9-11-14. However, we find that the third-party complaint contains allegations which comply with the "secondary liability" pleading requirements of our impleader statute. *Smith, Kline &c. Labs. v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972). Compare *Knapp v. Lolley*, 177 Ga. App. 786 (341 SE2d 306) (1986).

3. On appeal, appellee contends that the third-party complaint was correctly dismissed because it sought to assert a claim which was barred by the statute of limitations. A review of the record indicates that this affirmative defense of statute of limitations was not raised in the answer, the motion to dismiss or other pleading filed in the trial court. See OCGA § 9-11-8 (c). "A defendant may not avail himself of an affirmative defense which he failed to properly present. [Cits.] . . .

'The bar of the statute [of limitation[s]] is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period.'" *Searcy v. Godwin*, 129 Ga. App. 827, 829 (201 SE2d 670) (1973). See also *Owens v. Owens*, 248 Ga. 720, 722 (3) (286 SE2d 25) (1982); *Stone v. Green*, 163 Ga. App. 18, 19-20 (293 SE2d 506) (1982); *Refrigeration Supplies v. Bartley*, 146 Ga. App. 825, 826 (247 SE2d 542) (1978). Appellee has waived any right he would otherwise have to rely upon the statute of limitations and this issue cannot be considered on appeal.

4. Accordingly, for the reasons set forth herein, the order of the trial court dismissing the third-party complaint must be reversed.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 10, 1986.

*Frank P. Harris*, for appellant.
*J. Dunham McAllister, Albert B. Wallace*, for appellee.