A89A1269. WILSON v. WILLIAMS BROS., INC.

(387 SE2d 639)

BENHAM, Judge.

This appeal is from the trial court's grant of a motion to set aside a judgment that had been entered after an earlier motion to set aside had been granted.

Williams Bros. filed suit against appellant and two others who were allegedly doing business together, seeking payment for building materials delivered for the threesome's business. Appellant's co-defendants filed a cross-claim against appellant, alleging that he incurred the debt and received the benefits thereof, and prayed that they be awarded a judgment against appellant "in an amount equal to any judgment that may be rendered against them in favor of [Williams Bros.]." On September 22, 1987, Williams Bros. dismissed with prejudice its action against appellant and his two business associates. On September 23, 1987, the trial court entered a judgment in which it noted that appellant had failed to appear and that the two associates had agreed to pay Williams Bros. $9,500 in settlement of the amount owed. The cross-claimants then moved for and were granted a directed verdict in the amount of $9,500 against appellant. Ten months later, appellant moved to set aside the judgment awarded his two associates against him on the ground that they had prayed for a judgment against appellant in an amount equal to any judgment rendered against them in favor of Williams Bros., and that no judgment had been rendered against the associates in favor of Williams Bros. since the parties had settled and the case had been dismissed with prejudice. The trial court granted appellant's motion to set aside in October 1988, which judgment was itself set aside by the trial court on January 23, 1989, after a hearing in which it was unrebutted that the cross-claimants had orally amended their pleadings to request a judgment against appellant that was not dependent upon any judgment rendered against the cross-claimants. The trial court found that the pleadings had been amended and, based upon those pleadings, set aside its October 1988 judgment which had set aside the September 1987 judgment against appellant, and reinstated the judgment of Sep-

tember 1987. Appellant filed a timely notice of appeal from the order granting the cross-claimants' motion to set aside and reinstating the original judgment rendered against him in favor of the cross-claimants.

Appellant contends that the oral amendment to the cross-claim was without effect because the lawsuit had been dismissed with prejudice the day before the amendment was made. However, it was the cross-claim that was orally amended and Williams Bros.' complaint against the three businessmen which was dismissed. "[A] [cross-claim] is not subject to dismissal simply because the main action has been dismissed. [Cit.] [W]here [it] can be adjudicated without regard to the main claim, it should be judicially considered even though the main claim has been dismissed. [Cit.]" *Young v. Jones*, 140 Ga. App. 66, 67 (230 SE2d 32) (1976). Thus, the cross-claim remained in existence even though the main claim had been dismissed with prejudice. The trial court did not err when it granted the cross-claimants' motion to set aside the judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 1, 1989.

*McAllister & Roberts, J. Dunham McAllister*, for appellant.

*Emory B. Bazemore*, for appellee.

