A97A2546. AIRGROWERS, INC. v. TOMLINSON.
(496 SE2d 528)

JOHNSON, Judge.

We granted Airgrowers, Inc.'s application for interlocutory review of the denial of its motion to dismiss or, in the alternative, to transfer for lack of venue. For reasons which follow, we reverse the trial court's order denying Airgrowers' motion to transfer, but affirm the denial of its motion to dismiss.

The record shows that Estolena Tomlinson was a passenger in a vehicle driven by Hattie Tomlinson. The car collided with a tractor-trailer owned by Airgrowers, and Hattie Tomlinson was killed. Neither party has indicated where the accident occurred. Estolena Tomlinson brought suit against H. W. Lott, the administrator of Hattie Tomlinson's estate, and Airgrowers, alleging their joint negligence caused her injuries. Lott resides in Berrien County, and Airgrowers maintains its only office in Clinch County. Tomlinson filed the suit in Berrien County, premising venue as to Airgrowers on its being a joint tortfeasor. Lott filed a cross-claim against Airgrowers for Hattie

Tomlinson's wrongful death, not for contribution. Subsequently, Estolena Tomlinson entered into a consent agreement with Lott, which was memorialized in a consent order. She then voluntarily dismissed her action against Airgrowers. Thus, the only claim remaining is Lott's wrongful death cross-claim against Airgrowers. Airgrowers filed a motion to dismiss or, in the alternative, to transfer for lack of venue. In response, Lott amended his cross-claim to include a claim for indemnity and contribution. The trial court denied Airgrowers' motion.

A cross-claim is not subject to dismissal simply because the main claim has been dismissed, and, where it can be adjudicated without regard to the main claim, a cross-claim should be considered even after the main claim has been dismissed. *Wilson v. Williams Bros., Inc.*, 193 Ga. App. 371, 372 (387 SE2d 639) (1989). However, in order for a cross-claim to be independently adjudicated, it must independently satisfy Georgia's constitutional venue requirements. *Register v. Stone's Independent Oil Distrib.*, 227 Ga. 123 (179 SE2d 68) (1971); *Walker v. Powell*, 123 Ga. App. 498 (181 SE2d 501) (1971).

For venue purposes generally, a domestic corporation is deemed to reside in the county where its registered office is maintained. OCGA § 14-2-510 (b) (1). In tort actions, venue will also lie in the county where the cause of action arose, provided the corporation has an office and transacts business in that county. OCGA § 14-2-510 (b) (3). However, "[s]uits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." Ga. Const. 1983, Art. VI, Sec. II, Par. IV. See also OCGA §§ 9-10-31; 14-2-510 (c). It is undisputed that Airgrowers has no office in Berrien County. Its registered office is in Clinch County, from which it transacts all of its business. Accordingly, any direct action against Airgrowers would have to be brought in Clinch County.

The present case presents a unique question that has not yet been addressed in Georgia: whether venue of a nonresident alleged joint tortfeasor vanishes if the plaintiff dismisses it from the main action, notwithstanding a pending cross-claim for wrongful death by a resident alleged joint tortfeasor who has consented to judgment against him. Lott's liability to Estolena Tomlinson has been established by way of a consent judgment, which would normally be sufficient to establish venue as to Airgrowers, the nonresident alleged joint tortfeasor. See *Motor Convoy v. Brannen*, 260 Ga. 340 (393 SE2d 262) (1990). However, Estolena Tomlinson voluntarily dismissed her action against Airgrowers. The original action is no longer pending, and the allegation that Airgrowers was a joint tortfeasor no longer exists.

We hold that venue as to Airgrowers was proper in Berrien County only as long as Airgrowers could be characterized as a joint

tortfeasor with Lott. Even after Estolena Tomlinson entered into the consent judgment with Lott, and Airgrowers was the only remaining defendant as to Estolena Tomlinson's claim, venue was still proper over the cross-claim. See *Collipp v. Newman*, 217 Ga. App. 674 (458 SE2d 701) (1995). However, once Estolena Tomlinson voluntarily dismissed Airgrowers, venue as to Airgrowers, premised originally on Estolena Tomlinson's allegation that Airgrowers was a joint tortfeasor with Lott, vanished.

The principle of vanishing venue is not new. See, e.g., *Barnett v. Quinn*, 227 Ga. App. 172 (489 SE2d 68) (1997) (venue as to nonresident party defendant vanished with dismissal of resident party defendant); *Long v. Bruner*, 171 Ga. App. 124 (318 SE2d 818) (1984) (venue as to nonresident party defendant vanished after appellate action removed resident party defendant from case); *Smith v. United Ins. Co. of America*, 169 Ga. App. 751 (315 SE2d 265) (1984) (venue as to nonresident party defendant vanished when trial court directed a verdict in favor of resident party defendant). The remaining action left Airgrowers in the position of any other defendant, entitled to have suit brought against it in the county of its residence. Ga. Const. 1983, Art. VI, Sec. II, Par. VI.

Contrary to Lott's assertion, *Brannen*, supra, does not require a different result. *Brannen* did not involve a cross-claim, but merely established that, absent proof of collusion, venue in the original action as to a nonresident joint tortfeasor is permanently established where the resident joint tortfeasor consents to judgment. In the present case, the original action as to Airgrowers has been dismissed, and the only remaining claim pending before the trial court was the separate cross-claim for the wrongful death of Hattie Tomlinson. OCGA § 9-10-34 (b) is also inapposite since the main claim was no longer pending when Lott attempted to amend his cross-claim and add the claim for contribution and indemnity.

Based on the foregoing, we find the trial court erred in denying Airgrowers' motion to transfer. However, the trial court correctly denied Airgrowers' motion to dismiss since all that is authorized would be a transfer to a court of Airgrowers' residence. See *Hubbert v. Williams*, 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 2, 1998.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Gregory T. Talley, George T. Talley*, for appellant.

*Moore & Studstill, Mitchell O. Moore, Daniel L. Studstill,* for appellee.